[No. 8242. Department Two. November 16, 1909.]

GEORGE WALTER AIKEN et al., Respondents, v. WILLIAM F. BOYD, Appellant.[1]

BOUNDARIES — SURVEY — CORRECTIONS — EVIDENCE — SUFFICIENCY. Findings that a disputed boundary line was correctly established by a certain survey are sustained, when supported by the weight of the testimony showing that it coincided with two other surveys, and it appears that the survey was made at the instance of appellant, who conveyed other portions of his land with reference to the line as established thereby; and it is immaterial that the respondent acquired a quit claim of the disputed strip from a third person.

Appeal from a judgment of the superior court for King county, Morris, J., entered February 26, 1909, upon findings in favor of the plaintiffs, in an action to restrain a trespass, after a trial on the merits before the court without a jury. Affirmed.

John B. Van Dyke and T. F. Bevington, for appellant.

Peters & Powell, for respondents.

[1]Reported in 104 Pac. 1101.

Rudkin, C. J.—On the 21st day of September, 1901, the defendant, William F. Boyd, and Sarah Boyd, his then wife, conveyed to the plaintiff George Walter Aiken and one Alice M. Aiken the following described tract of land, in King county:

"Beginning at the southeast corner of the southwest quarter of the northeast quarter of section 15, township 24 north of range 3 east of the W. M. thence 139 feet north; thence 946.32 feet west; thence 9 feet south; then west in a straight line to the meander line on the shores of Puget Sound; thence southeasterly along said meander line to a point due west of place of beginning; thence east to place of beginning, containing 5 acres, more or less."

Before the commencement of this action, Alice M. Aiken conveyed her undivided one-half interest in the property to the plaintiff George Walter Aiken. On two different occasions, the plaintiffs attempted to construct a fence along what they deemed the northerly boundary of the tract thus conveyed, but in each instance the fence was torn down and destroyed by the defendant, and this action was instituted to restrain further interference on his part. The plaintiffs had judgment below, and the defendant appeals.

A reference to the description will show that the east and west center line of section fifteen forms the southerly boundary of the tract, and, if that line is established, the location of the northerly line is a mere matter of measurement. The record shows that a number of different surveys have been made for the purpose of establishing the east and west center line of this section, such as the survey made by the city of Seattle, the White survey, the Gardner survey, and the Anderson survey. According to the city survey, the White survey, and the Gardner survey, the fence constructed by the respondents was on the northerly line of their land, while according to the Anderson survey the northerly line of the land is 18.11 feet south of the proposed fence at the east end of the tract, and 39.38 feet south at the west end. In other words, the Anderson survey fixed the east and west center line

of the section 18.11 feet south of the other surveys at the initial point mentioned in the description, and 39.38 feet south at the southwest corner of the tract. Under this state of facts, the appellant contends, first, that the Anderson survey is the correct one; and second, that the conveyance was made with reference to the Anderson survey, and that that survey, right or wrong, must control. The court below found against the appellant on both of these contentions, and its findings are amply sustained by the testimony.

It seems to us that the overwhelming weight of the testimony shows that the Gardner survey, according to which the fence was being constructed, is the correct one, and that the tract was not conveyed with reference to any particular survey or boundary. Indeed, the testimony tends to show that both the White and Gardner surveys were made at the instance of the appellant for the express purpose of locating the boundary, and that he sold portions of his land on the north with reference to those surveys, thus selling land which he did not own if the Anderson survey is to be adopted. The fact that the appellant undertook to sell land that he did not own does not concern the respondents, but it tends to show the understanding of the parties. Complaint is made because the respondents acquired a quitclaim deed from the property owner to the south for a strip of land lying between the Gardner survey and a certain street shown by the Anderson survey, but that question does not concern the appellant. The testimony clearly shows that the respondents purchased the identical lands they are now claiming, and that the acts of the appellant are without warrant or authority in law.

The judgment is therefore affirmed.

MOUNT, PARKER, CROW, and DUNBAR, JJ., concur.